UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TODD STANFIELD and NANCY STANFIELD, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No.: 3:14-CV-165-TAV-CCS ) |
| ANTHONY CHITWOOD, in his individual capacity; ROY SMITH, in his individual capacity; JEFF ROBERSON, in his individual capacity; and ANDY COLLINS, in his individual capacity; | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendants' Motion for Summary Judgment [Doc. 27] as to plaintiffs' claims that defendants violated their constitutional rights, pursuant to 42 U.S.C. § 1983, and injured them by acting negligently under Tennessee law. Defendants argue that they are entitled to judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure, because plaintiffs have filed a nearly identical complaint with the Tennessee Claims Commission and have therefore waived their claims in federal court. Plaintiffs have responded [Doc. 32], stating that they have no objection to defendants' motion. For the reasons that follow, the Court will grant defendant's motion for summary judgment and dismiss this case.

I.   **Background**

Plaintiffs filed this action on April 22, 2014, alleging that defendants are officers of the Tennessee Wildlife Resources Agency who violated their federal constitutional rights, and acted negligently under Tennessee law, by virtue of their actions in the course of investigating a boating accident involving plaintiff Todd Stanfield [Doc. 1]. Plaintiffs' allegations in support of these claims include that defendants interrogated Mr. Stanfield in a public manner while he was in the hospital, required Mr. Stanfield to submit to a blood alcohol test without probable cause, searched their boat without permission, seized their boat for twenty days without probable cause or permission, and returned their boat in a worse condition than when it was seized [*Id.*].

The sole fact that defendants submit with their motion for summary judgment is that plaintiffs filed a complaint with the Tennessee Claims Commission on June 12, 2014, based on the same acts or omissions as the ones at issue in this case [Doc. 27; Doc. 28]. Plaintiffs do not dispute this fact [Doc. 32].

II.  **Standard of Review**

Although plaintiffs do not object to defendants' motion for summary judgment, the Court nevertheless examines the motion in order to ensure that defendants have discharged their burden. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is material if it

2

might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if a reasonable trier of fact could find in favor of the non-moving party. *Id.* The moving party bears the burden of establishing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). Accordingly, all facts and all inferences to be drawn from them must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the fact finder. *Anderson*, 477 U.S. at 249–50. Thus, the Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. The Court also does not search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). In short, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a trier of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. Analysis

The Eleventh Amendment to the United States Constitution provides that Tennessee, its agencies, and its officers standing in their official capacity are immune from lawsuits for damages absent consent of the state. *See Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100–102 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Tennessee voluntarily offers a forum for parties to make legal claims against the state for the acts or omissions of its officers or employees through the Tennessee Claims Commission. Tenn. Code Ann. § 9-8-301 *et seq.*; *see Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 950–57 (6th Cir. 1987) (en banc) (discussing a similar provision of Ohio law), *cert. denied,* 487 U.S. 1204 (1988).

In exchange for offering such a forum, Tennessee law provides:

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

Tenn. Code Ann. § 9-8-307(b); *see Leaman*, 825 F.2d at 953 (noting that such a provision "is a standing offer for a settlement of claims against state employees in exchange for an otherwise non-existent opportunity to sue the state itself for damages"). This provision operates as a waiver of any companion cause of action whenever a party elects to file a claim with the Tennessee Claims Commission. *Stamps v. Matthews*, No. 97-5332, 1998

WL 57482, at *1 (6th Cir. Feb. 3, 1998); *White by Swafford v. Gerbitz*, 860 F.2d 661, 663–65 (6th Cir. 1988), *cert. denied*, 489 U.S. 1028 (1989).

The waiver extends to claims brought in federal court against state officials in their individual capacity for intentional acts, pursuant to 42 U.S.C. § 1983. *Stamps*, 1998 WL 57482, at *1; *Gerbitz*, 860 F.2d at 662–63; *see Leaman*, 825 F.2d at 958 (Lively, C.J., dissenting). It applies even if the federal claim was filed prior to the state claim. *Stamps*, 1998 WL 57482, at *1 (citing *Gerbitz*, 860 F.2d at 663). It does not apply, however, if the Tennessee Claims Commission determines that the acts at issue occurred outside of a Tennessee officer's or employee's scope of employment. *Gerbitz*, 860 F.2d at 665.

Here, there is no dispute that plaintiffs have filed a claim with the Tennessee Claims Commission that is based on the same acts or omissions at issue in this case. Indeed, the complaint that plaintiffs filed with the Tennessee Claims Commission is nearly identical to the complaint filed in this case, with only slight alterations to account for the different forum. *See Stamps*, 1998 WL 57482, at *1. Accordingly, plaintiffs have waived their federal claims. Consistent with precedent, plaintiffs will be permitted to reinstate their federal claims if the Tennessee Claims Commission determines that defendants' acts were outside of the scope of defendants' employment. *Gerbitz*, 860 F.2d at 665

## IV. Conclusion

For these reasons, the Court will **GRANT** defendants' Motion for Summary Judgment [Doc. 27] and **DISMISS** the case against them.  Because defendants are the only defendants remaining in this case, the Court will **DIRECT** the Clerk of Court to close the case.  Plaintiffs will be **granted leave** to file a motion to reinstate their federal claims within sixty days of the Tennessee Claims Commission determining that defendants' actions were outside of the scope of their employment.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE